**STATE, ex rel. BEULAH PARK JOCKEY CLUB, INC., Relator-Appellant, v. CLAYPOOL, et, Respondents-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4164. Decided May 24, 1948.

Charles A. Schwenker, Columbus, for relator-appellant.
Hugh S. Jenkins, Atty. Genl., Joseph S. Gill, Asst. Atty. Genl., Columbus, for respondents-appellees.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment of the Common Pleas Court refusing to grant relator a writ of mandamus and dismissing its petition. Although the judgment entry recites that the cause was presented upon the petition, the answer and the statements and arguments of counsel which latter are not brought upon the record, it must be assumed that they were made within the confines of the issues drawn by the pleadings.

The essential facts as pleaded and admitted by the parties are that relator is the owner of a race course, located in Jackson Township, Franklin County, Ohio, wherein for fifteen

years last past it has conducted racing; that on February 21, 1948, the relator filed with the Ohio State Racing Commission three applications for dates for racing at its premises to be conducted in the year 1948, together with permit fee and bond as provided by statute, together with its condition book for the spring meet to be held in May of 1948; that on March 16, 1948, respondents adopted a rule designated as Rule No. 50 which, in substance, required all tracks over three-quarters of a mile in length to install totalizators; that the track of the relator was more than three-quarters of a mile in length and that it had not installed a totalizator. From the aforesaid rule, on March 23, 1948, within fifteen days after it had been filed with the Secretary of State of Ohio, relator filed its notice of appeal and appealed from the adoption of said rule to the Common Pleas Court of Franklin County, Ohio; that on March 29, the members of respondent Racing Commission met and considered the application of relator for dates for the year 1948 and refused to take any action thereon until after the appeal from the adoption of Rule No. 50 had been passed upon by the Court of Common Pleas, Franklin County, Ohio. The petition avers that its first race meet was to begin on the 8th day of May, 1948, but there is no averment in the petition and no statement in the answer of the time when the applicant desired to close its meet for May nor of any other periods in the year, 1948, for which it desired to have a permit to conduct racing. The respondent in its answer, after admitting most of the essential facts set out in the petition, says:

"That while said appeal is pending (from the promulgation of rule No. 50) and while the effective date of said rule is stayed respondents have no duty to pass on applications for permits to conduct race meetings, which applications involve the provisions of said rule."

The prayer is for a writ of mandamus directing the commission either to immediately allow or reject the application of the Beulah Park Jockey Club, Inc., for dates set forth in the application of relator.

At the outset, we should say that we are in doubt if there is a justiciable question here or if it is moot. In argument to the Court it was stated that the application for the May meeting covered a period to the 30th of May, 1948, and that there were other dates throughout the year for which permits were sought but none of these dates or periods of time are

brought upon the record in any form. It is therefore probable that, if the facts were properly brought on to the record, the question would not be moot but upon the pleadings there may be presented only the question of costs.

We will pass upon the legal question presented to the trial Court which is well stated in the next to the last paragraph of the answer of the respondents, namely, are they charged with any duty to pass on applications for permits to conduct racing meetings which applications involve non-compliance with the provisions of Rule No. 50 requiring totalizators to be installed in race tracks of over three-quarters of a mile in length.

The brief of appellees sets out some former proceedings of the respondents relating to difficulties between the parties, the enactment of a rule in May, 1945, requiring electric totalizators at all running tracks, subject to the commission, of over three-quarters of a mile in length within the State of Ohio; that all racing associations, with the exception of relator, had complied with the rule; that in December, 1947, the respondent board, being satisfied that relator was not willing to comply with the ruling of the commission with respect to the installation of totalizator equipment, rejected relator's application and that the appellant appealed from this order. Later, the appeal of relator was dismissed. These facts are urged as affording some support for respondents in refusing the permit. We are of opinion that the rights of the parties rest entirely upon the factual development succeeding the application of relator for permit of date February 21, 1948, and subsequent developments as appearing in the pleadings.

The question presented involves a construction of certain provisions of the Horse Racing Act, Chapter 14b of the General Code in conjunction with the Administrative Procedure Act, §1079-1 GC provides that, * * * no * * * association, corporation * * * shall * * * conduct any race meeting for stake, purse or award where the pari-mutuel or certificate method of wagering is conducted unless a permit be secured therefor, and §1079-2 GC creates a state racing commission and provides for the issuance of permits by said commission in §1079-6 GC. This section provides, in part, that upon the proper filing of an application, accompanied by the permit fee by any * * * association or corporation * * * the state racing commission of Ohio may issue a permit to such applicant to hold or conduct a horse race meeting as authorized in the act. The specifications to be included in the permit are set out in the section and it is further provided that,

"Every such permit shall contain a condition that all horse races or racing meetings, conducted thereunder shall be subject to the rules, and regulations and conditions from time to time prescribed and promulgated by the commission."

The section further provides:

"The commission may refuse to award dates or to issue a permit to any applicant if a permit previously issued to said applicant has been revoked under the authority of this act. Such permit may be suspended, diminished or revoked by the commission for any violation of this act or of any rule of the commission made under authority of this act, provided that the state racing commission shall immediately enter upon its proceedings a memorandum of its action in such suspension, diminution or revocation and its reasons therefor."

Inasmuch as the specific reason upon which the respondent commission bases its refusal to act is set out in its answer, it is not necessary to determine whether or not any other reason might obtain which would support its refusal. The section implies that the commission shall act promptly upon permits because of its terms that if a permit be suspended, diminished or revoked for any violation of the act or rule of the commission, the commission shall immediately enter upon its record the reasons for its action.

The only specific authorization to refuse to issue a permit is that a permit previously issued to the applicant has been revoked under the authority of the act.

**Sec. 154-72 GC** provides, in part, that,

"Any person adversely affected by an order of an agency in adopting, amending or rescinding a rule may appeal to the Court of Common Pleas of Franklin County on the ground that said agency failed to comply with the law in adopting, amending, rescinding, publishing or distributing said rule, or that the rule as adopted or amended by the agency is unreasonable or unlawful * * *."

This appeal has been perfected by relator. The section further provides that the notice of appeal from the promulgation of the rule,

"shall operate as a stay of the effective date thereof unless the appeal shall have been heard and determined prior to such effective date."

The appeal has not been heard and determined. The simple effect of this provision of the Code is to remove the effectiveness of the subject matter of Rule No. 50 and the application of the relator for its permit must be considered and determined by the board as though Rule No. 50 was not in effect. Such construction of the rule requires that, at least, some action be taken upon the permit and unless some reason appears other than is pleaded in the answer of the respondent commission the permit should be issued.

We therefore hold that the trial Court erred in not granting a writ of mandamus as prayed, requiring the commission, at least, to act upon relator's application for a permit.

The judgment will be reversed and cause remanded with instructions to grant the writ in accord with this opinion.

WISEMAN, PJ, and MILLER, J, concur.